

PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| HARRY GERALD SIBERT | : | Case No. 07-16599PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -| : | |
| DAIMLERCHRYSLER FINANCIAL | : | |
| SERVICES AMERICAS, LLC | : | |
| Movant | : | |
| vs. | : | |
| | : | |
| HARRY GERALD SIBERT | : | |
| SCOTT D. FIELD, TRUSTEE | : | |
| Respondents | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -| : | |

**MEMORANDUM OF DECISION**

DaimlerChrysler Financial Services Americas, LLC ("DaimlerChrysler"), filed a motion pursuant to 11 U.S.C. § 362(j) to confirm the termination of the stay of 11 U.S.C. § 362(a) so as to enable it to exercise its state law rights as to a certain 2006 Dodge Ram 1500 motor vehicle. The Debtor filed a response objecting to the motion. The motion will be denied for the reasons set forth in this Memorandum.

This case involves provisions brought to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Section 362(h)(1) provides:

**11 U.S.C. § 362.  Automatic stay**

(h)(1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)--

(A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and

(B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

Section 521(a)(2) provides:

**11 U.S.C. § 521.  Debtor's duties**

(a) the debtor shall–

(2) if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate–

(A) within thirty days after the date of the filing of a petition under chamber 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;

(B) within 30 days after the first date set for the meeting of creditors under section 341(a) or within such additional time as the court, for cause, within such 30-day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and

(C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h).

Section 521(a)(6) provides:

>   (a) the debtor shall--
>
>   >   (6) in a case under Chapter 7 of this title in which the debtor is an individual, not retain possession of personal property as to which a creditor has an allowed claim for the purchase price secured in whole or in part by an interest in such personal property unless the debtor, not later than 45 days after the first meeting of creditors under section 341(a), either--
>   >
>   >   >   (A) enters into an agreement with the creditor pursuant to section 524(c) with respect to the claim secured by such property; or
>   >   >
>   >   >   (B) redeems such property from the security interest pursuant to section 722.  If the debtor fails to so act within the 45-day period referred to in paragraph (6), the stay under section 362(a) is terminated with respect to the personal property of the estate or of the debtor which is affected, such property shall no longer be property of the estate, and the creditor may take whatever action as to such property as is permitted by applicable nonbankruptcy law, unless the court determines on the motion of the trustee filed before the expiration of such 45-day period, and after notice and a hearing, that such property is of consequential vale or benefit to the estate, orders appropriate adequate protection of the creditor's interest, and order the debtor to deliver any collateral in the debtor's possession to the trustee.

Debtor filed this bankruptcy case under Chapter 7 on July 18, 2007.  DaimlerChrysler is listed on Schedule D as the holder of a claim in the sum of $31,364.58 secured by a Dodge Ram that Debtor valued at $27,000.00.  On September 21, 2007, there was filed a Reaffirmation Agreement whereby the Debtor would reaffirm the debt to DaimlerChrylser pursuant to 11 U.S.C. § 524(c).  The amount of the debt on the Reaffirmation Agreement was shown to be $38,039.52 to be paid out by 64 monthly payments in the sum of $594.56.  Inasmuch as the Debtor's sole income was $550.00 a month from Public Assistance, there was not the slightest possibility that the court would approve the Reaffirmation Agreement.  Debtor's financial condition was not improved in the slightest at the time of the hearing on the current motion.

The facts of this matter are undisputed.  While Debtor's Statement of Intent filed pursuant to Section 521(a)(2) did not expressly state that he intended to reaffirm the debt secured by the Dodge Ram, he entered into a Reaffirmation Agreement (D.E. 16).  After the Reaffirmation Agreement was filed, the court set a hearing pursuant to Fed. Rule of Bankruptcy Proc. 4008 on its approval October 24, 2007, by notice issued September 28, 2007.  The Debtor did not appear for the Reaffirmation hearing, and, as a result, approval of the Reaffirmation Agreement was denied for want of prosecution (D.E. 19).  What now troubles the court is that

Debtor's counsel was not notified of the hearing on approval of the Reaffirmation Agreement nor was an Order entered implementing the court's ruling.  However, these matters were readily apparent from the electronic docket, and no point was made of this in Debtor's opposition to the Motion to Confirm the Termination of Absence of Stay.

In any event, the Debtor performed his obligation under Section 521(a)(6)(A) by entering into the Reaffirmation Agreement within the time required under Section 521(a)(2)(B).  As noted above, it was impossible for the Debtor to rebut the presumption of Section 524(m) of the Bankruptcy Code that the Agreement was an undue hardship inasmuch as his income was substantially less then his expenses.  To use the vernacular, the agreement was "dead on arrival." What then is the effect on the pending Motion to Confirm Termination of the Automatic Stay?  It is uncontradicted that the Debtor is current on the payments for this vehicle, the source of funding said to be a girlfriend.

As may be expected, this is a situation that has arisen in several courts throughout the country.  Most illustrative of these cases is a brief Memorandum of Judge Teel in the case of *In re Bond*, 2007 WL 2258452 (BC D.C. 2007).  In *Bond*, Judge Teel states: .

> Section 521(a)(6) addresses the automatic termination of the stay if certain specified acts do not occur within 45 days after the first meeting of creditors under § 341(a).  Specifically, if the debtor fails to enter into a reaffirmation agreement or to redeem the collateral within the 45-day period, the stay terminates.  The stay does **not** automatically terminate, however, if the debtor has entered into a reaffirmation agreement within that 45-day period.  This is true even if the court disapproves the reaffirmation agreement.  *See In re Donald*, 343 B.R. 524, 541 (Bankr. E.D.N.C. 2006) (acknowledging that, in some circumstances, a reaffirmation agreement entered into by the debtor in good faith but disapproved by the court may satisfy the requirements of § 521(a)(6)).  Events occurring after the 45-day period expires have no impact on the automatic stay under § 521(a)(6), and given that the court can disapprove a reaffirmation agreement before or after the expiration of the 45-day period, the court concludes that such disapproval cannot trigger an automatic termination of the stay.

The court adopts Judge Teel's pithy reasoning in toto.

Several other courts have reached the same conclusion.  In the case of *In re Stevens*, 365 B.R. 610, 612-13 (BC E.D. Va. 2007), it was recognized that the failure of the Bankruptcy Court to approve the reaffirmation agreement does not mean that the debtor loses the vehicle.  Approval of the reaffirmation  agreement is separate and distinct from the performance requirements of Section 362(h) and Section 521(a)(6) of the Bankruptcy Code.  As long as the

Debtor is current on payments and maintains the required insurance, the discharge injunction will continue to protect the property.  *See also, In re Donald, supra, In re Laynas*, 345 B.R. 505 (BC E.D. Pa.  2006); *In re Hinson*, 352 B.R. 48 (BC E.D.N.C. 2006);  *In re Moustafi*, 371 B.R. 434 (BC Az. 2007).  An appropriate order will be entered.

cc:
H. Tucker Dewey, Esq., 88 Union Avenue, Suite 700, Memphis, TN 38103
Scott D. Field, Esq., 11921 Rockville Pike, Rockville, MD 20852
Stephen A. Glessner, Esq., 226 East patrick Street, Frederick, MD 21701
Harry G. Sibert, 42 Elizabeth Street, Hagerstown, MD 21740

**End of Memorandum**